765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
HELEN M. RANDLES, DEFENDANT-APPELLANT.
 NO. 84-5922
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge, MARTIN, Circuit Judge; and TIMBERS, Senior Circuit Judge*.
 PER CURIAM.
 
 
 1
 The defendant appeals her jury conviction for conspiracy and engaging in a scheme to defraud and obtain money by false pretenses involving use of the mails. She made a pretrial motion to suppress alleged incriminating statements which the government claimed she made after taking a polygraph examination. At the suppression hearing the defendant testified that she agreed to take a polygraph test after being told that alleged co-conspirators had implicated her in the scheme and after consulting with her attorney. She also testified that before taking the examination she signed two waiver forms, one a consent to an interview with polygraph and the other a standard form setting forth her 'Miranda' rights. She testified that after the polygraph examination was completed the examiner told her that the results indicated that she had not told the truth and asked her to explain. She said that she asked the examiner if she was free to go and that he said that she was not free to leave until they discussed the results of the examination.
 
 
 2
 At the conclusion of the suppression hearing the district court made a finding that the defendant had no reasonable belief that she was in custody at the time of the alleged statements and that any statements she made were not in response to custodial interrogation. The court went on to find that even if her statements were made in response to custodial interrogation the defendant had been advised of her right to remain silent and her right to an attorney and had voluntarily waived these rights prior to making any incriminating statements.
 
 
 3
 At the trial the defendant denied making any statements which implicated her in the scheme to defraud, but both the polygraph examiner and an FBI agent testified that she admitted her participation during the discussions following the polygraph examination and there was also testimony that she made a similar incriminating statement approximately one month later.
 
 
 4
 On appeal the defendant contends that testimony concerning her alleged statements should have been suppressed because the two waiver forms she signed before taking the polygraph examination applied only to that examination and she was entitled to a second 'Miranda' warning before the questioning which took place after the polygraph examination concluded. She argues that any interrogation by the FBI agent, who was not present when she was advised of her rights and signed the two consent forms but came into the room after the examination was completed, was not covered by the consents which she gave. She also makes much of the fact that the alleged statements were not recorded or otherwise immediately memorialized.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in denying the motion to suppress defendant's statements. The finding of fact by the district court that the defendant had no reasonable grounds to believe that she was in custody at the time she made the statements is not clearly erroneous. Further, even if the defendant was in custody, the waiver which she executed prior to the polygraph examination would carry over and cover "post-test' questioning, unless the circumstances changed so seriously that [her] answers no longer were voluntary, or unless [she] no longer was making a 'knowing and intelligent relinquishment or abandonment' of [her] rights.' Wyrick v. Fields, 459 U.S. 42, 47 (1982), quoting from Edwards v. Arizona, 451 U.S. 477, 482 (1981). No such change of circumstances was shown.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation